**In re Ashley S.**

**No. 94–642–Appeal.**

Supreme Court of Rhode Island.

May 31, 1995.

Frank P. Iacono, Jr., Court–Appointed Special Advocate, Anthony E. Angeli, Jr., Dept. of Children, Youth and Families, Francis J. Pickett, Jr., Court–Appointed Special Advocate, for plaintiff.

William C. Clifton, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument April 5, 1995 pursuant to an order that directed all parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be summarily decided at this time.

The parents, Richard S. (father) and Dorothy S. (mother), appeal from a judgment of the Family Court terminating their parental rights in respect to Ashley S. and Allison S. Evidence was introduced upon which the trial justice found that Ashley and her sister, Allison, had been sexually abused by their father and that the mother at various times either denied the abuse or took the position that such abuse was not a serious matter.

The Department of Children, Youth and Families (DCYF) filed petitions alleging neglect and abuse as to both children on December 12, 1989. On April 16, 1990, both children were placed in the custody of DCYF. Following this determination representatives of DCYF attempted to arrange for treatment plans for both mother and father. The father consistently refused to acknowledge his sexual abuse and was, therefore,

deemed not to be a good candidate for successful treatment. A number of expert witnesses testified that the treatment programs arranged by DCYF were unlikely to be successful, principally by reason of the fact that neither the mother nor the father would acknowledge that a serious problem existed. In spite of reasonable efforts exercised by DCYF, attempts at reunification were unavailing.

The father appeared at a lengthy trial in the Family Court and denied that he had sexually abused the children.[1] This denial was inconsistent with the fact that he had earlier pleaded nolo contendere in the Superior Court for Newport County to criminal charges of sexual abuse in respect to Ashley and another child who is not a party to these proceedings. There was overwhelming evidence to support the trial justice's finding that the sexual abuse had occurred and that both parents refused to acknowledge the problem and attempt to cure it.

The parents have made a somewhat vague claim that the trial justice accepted the testimony of an expert witness who was not qualified. In spite of this contention, they have not identified the expert witness whose qualifications they challenge. Our review of the record indicates that the expert witnesses presented were qualified and that the trial justice committed no abuse of discretion in accepting that testimony. *Frias v. Jurczyk*, 633 A.2d 679, 683 (R.I.1993).

Under the circumstances, the evidence of sexual abuse was persuasive and compelling. The father abused both children and the mother declined to take any steps to protect the children from this abuse. Consequently, both parents were deemed unfit. Clearly the best interests of the children require that they be given the opportunity for a stable life and the possibility of adoption. Ashley is ten years of age, Allison is nearly eight years of age. Both have been living in a pre-adoptive home for a long period. The trial justice did not err in terminating the rights of the parents in respect to these children.

For the reasons stated, the appeals of the parents are denied and dismissed. The judgment of the Family Court is hereby affirmed. The papers in the case may be remanded to the Family Court.

BOURCIER, J., did not participate.

---

1. The trial consumed nine days and resulted in a record of over 1,000 pages of testimony.